**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT HEALTH AND WELFARE TRUST, <br><br>                      Plaintiff, <br><br>vs. <br><br>P&P INSURANCE SERVICES, LLC, *et al.*, <br><br>                      Defendants. | Case No. 2:11-cv-00734-RCJ-PAL <br><br>**ORDER** <br><br>(Mot Expedite Discovery - Dkt. #25) <br>(Request to Enlarge Time - Dkt. #29) |

Before the court is Plaintiff's Motion for Expedited Discovery (Dkt. #25), and to Enlarge Time to Serve (Dkt. #29), which were filed as one document, but docketed as two separate motions because they request two separate forms of relief.

Plaintiff requests an order allowing expedited discovery, specifically, to allow the Plaintiff Las Vegas Metropolitan Police Department Health and Welfare Trust ("the Metro Trust") to subpoena the ownership records of the post office box of GIS in Phoenix, Arizona, prior to the Rule 26(f) conference. Plaintiff also seeks an order enlarging time to serve Defendants GIS, and individual Defendants Michael Johnson and Peter Ranke. The Complaint (Dkt. #1) in this case was filed May 9, 2011. Summons were issued and Defendants P&P Insurance Services, LLC and Tom Pomeroy filed a Motion to Dismiss (Dkt. #19) July 15, 2011. Defendant Tru Services, LLC filed an Answer/Crossclaim/Third-Party Complaint (Dkt. #20) June 27, 2011. The current motion, which is supported by the declaration of counsel for the Plaintiff indicates she has spoken with counsel for Defendants P&P, Pomeroy, and True Services, LLC, and advised them of her intention to file this motion, and received no objections. Expedited review is requested because the deadline to serve Defendants GIS, Johnson and/or Ranke will expire if the court allows the ordinary briefing period to expire before deciding the motion.

The Plaintiff argues good cause exists to allow limited expedited discovery because the Plaintiff has been unable to locate Defendants GIS, Johnson and Ranke, and must subpoena the records for a post office box in Arizona which is believed to be owned by GIS. Good cause exists to enlarge time to serve these Defendants because the Plaintiff has been unable to locate and serve the Defendants despite the exercise of diligence.

Having reviewed and considered the matter, and for good cause shown,

**IT IS ORDERED** that:

1. Plaintiff's Motion for Expedited Discovery (Dkt. #25), to subpoena records of the post office box of GIS located in Phoenix, Arizona is **GRANTED**.
2. Plaintiff's Request to Enlarge Time to Serve Defendants GIS, Johnson and Rancke (Dkt. #29) is **GRANTED**, and the Plaintiff shall have a 90-day extension to effect service upon GIS, Michael Johnson and Peter Ranke.

Dated this 15th day of August, 2011.

_____
Peggy A. Leen
United States Magistrate Judge