**Marquis Aurbach Coffing**
ALBERT G. MARQUIS, ESQ.
Nevada Bar No. 1919
JESSICA M. GOODEY, ESQ.
Nevada Bar No. 11973
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
amarquis@maclaw.com
jgoodey@maclaw.com
   Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT HEALTH AND WELFARE TRUST, | Case No.:  2:11-CV-00734-RCJ-PAL |
| Plaintiff, | |
| vs. | |
| P&P INSURANCE SERVICES, LLC, an Arizona limited liability company; TOM POMEROY, an individual; TRU SERVICES, LLC, a Massachusetts limited liability company; GIS, LLC, an Arizona limited liability company; MICHAEL JOHNSON, an individual; PETER RANKE, an individual; DOES 1-10, inclusive; and ROE CORPORATIONS 1-10, inclusive; | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | |
| TRU SERVICES, LLC, a Massachusetts limited liability company, | |
| Cross-claimant, | |
| vs. | |
| P&P INSURANCE SERVICES, LLC, an Arizona limited liability company; TOM POMEROY, an individual; and GIS, LLC, an Arizona limited liability company, | |
| Cross-Defendants. | |
| TRU SERVICES, LLC, a Massachusetts limited liability company, | |
| Third-Party Plaintiff, | |

M&A:12049-001 1457082_1.DOC 10/6/2011 2:48 PM

|   |   |
|---|---|
| vs. | |
| GOVERNMENTAL INSURANCE SERVICES, LLC, an Arizona limited liability company, | |
| Third-Party Defendant. | |

## STIPULATED PROTECTIVE ORDER

Plaintiff, Las Vegas Metropolitan Police Department Health and Welfare Trust ("the Metro Trust"), by and through its counsel of record Albert G. Marquis, Esq. and Jessica M. Goodey, Esq. of the law firm of Marquis Aurbach Coffing, Defendants Tom Pomeroy, P&P Insurance Services, LLC, and Governmental Insurance Services, by and through their counsel of record Marc S. Cwik, Esq. and Adam J. Pernsteiner, Esq. of the law firm of Lewis Brisbois Bisgaard and Smith, LLP, and Defendant Tru Services, LLC, by and through its counsel, David Larson, Esq. and Rosemary Missisian, Esq. of the law firm of Weinberg, Wheeler, Hudgins, Gunn and Dial, LLC, hereby enter into this Stipulation for a Protective Order pursuant to the provisions of FRCP 26(c).  The Parties have agreed and stipulated to the entry of this Order for the protection of business records, information, financial records, confidential records, commercial information, and related information produced or otherwise disclosed by the parties in this action.

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, through their respective counsel of record, that the following shall govern the disclosure of information and documents of a confidential nature ("Protected Information") in this action:

1.     Any Party to this action and any third-party who produces documents or provides testimony or other information pursuant to formal or informal discovery requests, may designate Protected Information produced by that Party as "Confidential Information."  The party who designates such Protected Information as Confidential Information shall be known as the "Designating Party."

(a)     The term "Confidential Information" includes all Protected Information that the designating party believes constitutes confidential, financial, including tax returns,

M&A:12049-001 1457082_1.DOC 10/6/2011 2:48 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

financial schedules, and related documents, proprietary, private, technical, or commercial information, including information that is subject to a confidentiality agreement and personal information of the Parties, which is not publicly known and cannot be ascertained from an inspection of publicly-available documents or materials.

2. Confidential Information shall be controlled strictly by this Order, and no disclosure or use of such information, by any person who has received it through this litigation, can be made except in accordance with the requirements of this Order.

3. Any party may designate discovery that it believes in good faith qualifies for protection as Confidential Information by the following means:

(a) **Documents, answers to interrogatories, and answers to requests for admissions**: At the time of production or disclosure, the Designating Party shall mark the document: "Confidential Information" or with a legend that makes clear the Designating Party's intention to bring the document or response within the scope of this Order. A designation on the first page of a document is sufficient to bring the entire document within the scope of this Order.

(b) **Testimony**: The Designating Party may designate testimony or exhibits as "Confidential Information" by making a statement to that effect on the record when the testimony is given or by identifying, by reference to pages and lines, the portions of the transcript that reflect Confidential Information. In addition, corrections, additions, or deletions to portions of a transcript that the Designating Party wishes to designate as "Confidential Information" may be identified by page and line references. Designations made after a deposition shall be made by written notice served on all counsel of record. For ten days after the receipt, the entire transcript of any deposition shall be treated as Confidential Information. If testimony is designated as confidential, the Parties' counsel and the court reporter who transcribes the deposition testimony shall make reasonable arrangements to maintain the confidentiality of any deposition testimony or exhibits designated as "Confidential Information" in accordance with the terms of this Order. These arrangements may include the marking of transcript pages, covers or exhibits, and other

M&A:12049-001 1457082_1.DOC 10/6/2011 2:48 PM

1	measures to preclude the disclosure of Confidential Information to anyone other than
2	Qualified Persons, as defined in Paragraph 5 herein.

3	(c)	**Electronic Media**: For Information maintained in computer readable or other
4	electronic media such as disks, a Party shall designate such Information as Confidential
5	Information by submitting with the Information a written statement that it is Confidential.

6	(d)	**Clawback Provision:** Any Party's inadvertent or unintentional failure to designate
7	Protected Information shall not be deemed a waiver in whole or in part of that Party's claim
8	of confidentiality, as long as the disclosing party notifies all Parties in writing that such
9	Protected Information constitutes confidential information within a reasonable time after
10	learning that the Protected Information was inadvertently or unintentionally produced
11	without an appropriate confidentiality designation.

12	4.	Any Party to this action may challenge any designation of Confidential Information.
13	The Party proposing to make such a challenge shall give the Designating Party written notice
14	specifically setting forth the grounds for the objection to the Confidential Information designation
15	not less than ten business days before filing any motion challenging any Confidential Information
16	designation.  During the notice period, the objecting Party shall confer with the Designating Party in
17	a good faith effort to resolve the dispute without filing a motion.  If the good faith effort informally
18	to resolve the dispute fails, any Party may challenge by motion the designation of a document or of
19	testimony as Confidential Information.

20	5.	Unless and until the Court rules that discovery designated as Confidential
21	Information shall not be treated as Confidential Information, persons who receive discovery so
22	designated shall use it only for the purposes of this action and shall not disclose it, except to
23	"Qualified Persons," which shall include the following:

24	(a)	Named Parties (including principals and/or management personnel as necessary to
25	assist in the prosecution or defense of this action);

26	(b)	Attorneys for named Parties;

27	. . . .
28	. . . .

M&A:12049-001 1457082_1.DOC 10/6/2011 2:48 PM

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

(c) Persons employed by or working under the direction of attorneys for the named Parties, including secretaries and legal assistants, to the extent necessary to perform specific duties in connection with this action;

(d) The Court and court personnel, stenographic reporters, and videographers at depositions taken in this action, and any jury empanelled in this action, subject to the protections of Paragraphs 3(b), 9 and 11 of this Order and to any order the Court subsequently enters to preserve the confidentiality of documents used at trial;

(e) Independent experts or consultants retained by a Party or an attorney of record for purposes of this litigation, as well as any employees, associates or independent contractors retained by those experts or consultants in their work on this matter, to the extent necessary to perform specific duties in connection with this action;

(f) Deponents;

(g) Any person that originally authored or received the designated document or demonstrably gained prior knowledge of it in the regular course of business, as ascertained based on the document itself or prior sworn testimony; and

(h) Any other person who is designated as a Qualified Person by order of the Court, after notice to all Parties.

6. An attorney of record who permits a Qualified Person under Paragraph 5(e)-(h), above to access Confidential Information received through discovery in this action shall first inform the recipient of the terms of this Order, advise the recipient that he or she is bound by its terms, and obtain the agreement of the recipient not to make further disclosure of the Confidential Information by having the recipient execute and return an executed copy of the acknowledgment and agreement to comply attached hereto as Exhibit A.   In the event that the proposed recipient of Confidential Information refuses to execute the said acknowledgment and agreement to comply attached hereto as Exhibit A, counsel for the respective parties shall meet and confer and make reasonable efforts to reach a written agreement as to how to proceed. Each attorney of record who discloses Confidential Information received through discovery in this

. . . .

M&A:12049-001 1457082_1.DOC 10/6/2011 2:48 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  action shall retain for one year following the conclusion of this action a list of all persons to
2  whom Confidential Information was disclosed under Paragraph 5(e)-(h) of this Order.

3      7.    Documents subject to this Protective Order may be offered in connection with non-
4  dispositive pre-trial motions in this matter.  Any document subject to this Protective Order which is
5  offered in connection with such non-dispositive pre-trial motion in this matter shall be filed under
6  seal.

7      8.    However, any document subject to this Protective Order which is offered in
8  connection with a dispositive pre-trial motion shall not be filed under seal without the express
9  approval of the Court, and such approval by the Court shall be sought by the Designating Party.
10 The parties agree that they will meet and confer prior to filing any dispositive motion that includes
11 documents subject to this Protective Order, so that the Designating Party may evaluate whether such
12 protection should be sought.  Once the parties have met and conferred, the Designating Party shall
13 have five (5) days, which includes the date of the meet and confer conference, to file a request
14 with the Court for an order directing that such documents be filed under seal.  If, after the
15 expiration of the aforementioned 5-day period, the Designating Party has failed to request such
16 an order or the Court has declined to grant such an order if timely requested, then the moving
17 party may file the dispositive motion at issue and any document attached to the dispositive
18 motion that is subject to this Protective Order need not be filed under seal.  If, after the expiration
19 of the aforementioned 5-day period, the Designating Party has obtained an order from the Court,
20 then the offering party may file the dispositive motion at issue, subject to any requirements
21 imposed by the Court, including but not limited to the requirement that any document attached to
22 the dispositive motion that is subject to this Protective Order be filed under seal.  If the
23 Designating Party has timely requested an order from the Court directing that such documents be
24 filed under seal, but the Court, after the expiration of the aforementioned 5-day period, has not
25 yet ruled, the moving party may file the dispositive motion, making reference the document(s) at
26 issue and the pending motion to file under seal, but shall not attach said document(s).  Upon
27 receiving the Court order, the moving party may then supplement its dispositive motion with the
28 document(s) at issue in compliance with such order.

M&A:12049-001 1457082_1.DOC 10/6/2011 2:48 PM

9. In the event a person who has received Confidential Information subject to this Order is: (a) subpoenaed in another action; (b) served with a demand in another action to which the person is a party; or (c) served with any other legal process by one not a party to this action, that seeks Confidential Information, he, she, or it shall give prompt written notice of the receipt of such subpoena, demand or other legal process to the Designating Party and its counsel, and upon request, shall cooperate with the Designating Party in its efforts to obtain an appropriate order protecting the Confidential Information from disclosure should the Designating Party choose to seek to protect such Confidential Information. Nothing in this Paragraph shall prevent a person from producing, or subject a person to liability for producing, Confidential Information pursuant to legal process or Court order in the event that the Designating Party fails and/or declines to obtain an appropriate order protecting the Confidential Information from disclosure.

10. Prior to the use of any Confidential Information at any hearing, counsel who desires to use such Confidential Information shall take reasonable steps to afford the designating Party the opportunity to object to disclosure of the Confidential Information. The parties further agree to remain cognizant of any Court imposed deadlines governing the disclosure of such Confidential Information.

11. Within sixty (60) days of the final disposition of this action, whether by judgment (including exhaustion of all appeals), settlement or otherwise, each attorney-of-record shall make reasonable efforts to deliver to the Party from whom obtained either (1) all items that have been designated Confidential Information and all copies made thereof, or (2) a written statement declaring that reasonable efforts have been taken to ensure that all such items and all copies thereof have been destroyed. No copies of Confidential Information in any form can be retained by any Party other than producing counsel. This paragraph shall not apply to deposition transcripts.

12. Each Party agrees to make good faith efforts to reasonably limit the inclusion of Protected Information in briefs and other captioned documents filed in court, in order to minimize sealing and designating such documents as Confidential Information.

. . . .

M&A:12049-001 1457082_1.DOC 10/6/2011 2:48 PM

13.     This Order shall survive the final conclusion of this action, subject to the terms of this Protective Order and shall continue in full force and effect.

14.     In addition to the above provisions, the parties agree to make reasonable efforts to maintain the confidentiality of Protected Health Information covered by HIPAA, including but not limited to the redaction of such information.

15.     Nothing in this stipulation shall impair the right of any party to object to any discovery request, or to assert that the documents or materials sought are privileged or otherwise protected from disclosure in conformance with FRCP 26, or to seek more stringent restrictions for the treatment or disclosure of any particular documents or materials.

16.     Neither the designation of information as Confidential Information by a Designating Party nor any provision within this stipulation shall be construed as a concession by any Party receiving such information that the information is, in fact, confidential, relevant or material to any issue.   All matters arising under this Order may be heard and decided by the Federal District Court Judge and/or Magistrate Judge designated to hear discovery matters in this action.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:12049-001 1457082_1.DOC 10/6/2011 2:48 PM

Exhibit A

# ACKNOWLEDGMENT OF RECEIPT AND AGREEMENT TO COMPLY WITH STIPULATION REGARDING CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that he/she has been provided with a copy of the parties' STIPULATED PROTECTIVE ORDER in the lawsuit styled as Las Vegas Metropolitan Police Department Health and Welfare Trust v. P&P Insurance Services, LLC, et al (United States District Court, District of Nevada, Case No. 2:11-CV-00734).  The undersigned has reviewed the terms of the parties' STIPULATED PROTECTIVE ORDER and agrees to be bound by the terms in the same manner as the parties and their attorneys.

Dated this _____ day of _____, 20____.

Litigation Participant:

Signature:_____

Print Name: _____

Address:_____

_____

_____

M&A:12049-001 1457082_1.DOC 10/6/2011 2:48 PM

1     DATED this  6th  day of October, 2011.

2   **MARQUIS AURBACH COFFING**      **LEWIS BRISBOIS BISGAARD AND SMITH**

4   By:  /s/ Jessica M. Goodey      By:  /s/ Adam J. Pernsteiner, Esq.
    Albert G. Marquis, Esq.      Marc S. Cwik, Esq.
    Nevada Bar No. 1919      Nevada Bar No. 6946
    Jessica M. Goodey, Esq.      Adam J. Pernsteiner, Esq.
    Nevada Bar No. 11973      Nevada Bar No. 7862
    10001 Park Run Drive      6385 S. Rainbow Blvd., #600
    Las Vegas, Nevada  89145      Las Vegas, NV 89118
    *Attorneys for Plaintiff Las Vegas Metropolitan Police Department Health and Welfare Trust*      *Attorney for Defendants Tom Pomeroy, P&P Insurance Services, and Governmental Insurance Services, LLC*

**WEINBERG, WHEELER, HUDGINS, GUNN AND DIAL, LLC**

By:  /s/ Rosemary Missisian
    David Larson, Esq.
    Nevada Bar No. 8837
    Rosemary Missisian, Esq.
    Nevada Bar No. 8877
    6385 S. Rainbow Blvd., #400
    Las Vegas, NV 89118
    *Attorneys for Defendant Tru Services, LLC*

## ORDER

IT IS SO ORDERED.

DATED:"""""""""""""""""Qevqdgt"39""""""""""""""""""."4211.

                                       U.S. OCFKUVTCVG JUDGE

M&A:12049-001 1457082_1.DOC 10/6/2011 2:48 PM